IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV309-GCM

| | | |
|---|---|---|
| DANNIE MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE ANSON COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a Response and Defendant has filed a Reply. This matter is now ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff, an African American woman who is over 40 years old, works as a teacher for the Anson County Board of Education. (Compl. at ¶¶ 9-11). Plaintiff alleges that she has applied for promotions to the position of Principal and Assistant Principal, but that that "Defendant perpetually passes Montgomery over for less-qualified candidates, the vast majority of which are younger and/or white." (*Id*. at ¶ 14). Plaintiff further alleges that she received a written letter of reprimand[1] after she used Defendant's email system to send emails to Defendant's staff regarding her candidacy for political office.[2] (*Id*. at ¶ 15). She alleges that Defendant has

---

[1] The Letter of Reprimand, although referred to in the Complaint, was not attached to the Complaint but was attached to Plaintiff's Response Brief in Opposition to Defendant's Motion to Dismiss.
[2] The emails are also attached to Plaintiff's Response Brief in Opposition to Defendant's Motion to Dismiss. They are both addressed to "ACSD staff" and request support for Plaintiff's candidacy for the North Carolina Senate.

1

previously permitted use of its email system for political speech purposes. (*Id*. at ¶ 16). In fact, Plaintiff alleges that Defendant has previously allowed *her* to use its email for political speech purposes.

Plaintiff filed this Complaint alleging that she was retaliated against for exercising her First Amendment rights in violation of 42 U.S.C. § 1983. In her Second and Third Cause of Action Plaintiff alleges Defendant failed to promote her to positions of Principal and Assistant Principal based upon race and age discrimination.

**DISCUSSION**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a claim that is "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Although the court must accept all well-pleaded factual allegations as true and construes the facts in the light most favorable to the plaintiff, a pleading that offers nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 679). A plaintiff "must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Thomas v. Duke Univ*., No. 3:11-cv-00387-W, 2012 U.S. Dist. LEXIS 143699, at *8 (W.D.N.C. Oct. 4, 2012) (alteration and citations omitted).

The Court will first address Plaintiff's § 1983 claim. 42 U.S.C. § 1983 prohibits the deprivations of rights secured by the Constitution or federal law by state actors. Plaintiff alleges that she was reprimanded by the Defendant for exercising her First Amendment rights.

N.C. Gen. Stat. § 153A-99(e), as well as Defendant's Board policies prohibit use of a school's email system for political purposes.[3] It is clear that Plaintiff was not reprimanded for merely engaging in protected speech, rather, she was reprimanded for using the technology resources of the school district to do so in violation of Board policy and state statute. Any allegations that other political speech was allowed to be disseminated in the past is of no consequence with regard to her § 1983 claim. Plaintiff's allegations simply fail to state a plausible claim for violation of her First Amendment rights.

The Court will next address Plaintiff's claims for discriminatory failure to promote. A review of the Complaint reveals that Plaintiff's Second and Third Causes of Action fall well short of the factual specificity required by *Twombly* and *Iqbal* and appear to be no more than a "formulaic recitation of the elements" of the claims. Moreover, Plaintiff only offers the vague, conclusory statement that the Board "perpetually passe[d] Montgomery over for less-qualified candidates, the *vast majority* of which are younger and/or white." (Compl. ¶ 14) (emphasis added). Plaintiff does not allege any specific incidents in which she applied for a particular Principal or Assistant Principal job opening, satisfied the Board's reasonable requirements for the position, but the position was awarded to an identified, less-qualified candidate outside the protected class. Moreover, by Plaintiff's own allegations, she filed an EEOC charge in August 2014. *Id*. Only "failures to promote" that occurred within the 180 days preceding that filing are within the limitations period. The Complaint merely alleges, without any supporting facts, that

---

[3] No employee may use county funds, supplies, or equipment for partisan purposes, or for political purposes except where such political uses are otherwise permitted by law. N.C. Gen. Stat. § 153A-99(e).

"one or more [of the failures to promote] occurred within 180 days prior to" her EEOC charge. Such vague allegations fail to "nudge[] the [] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Rather than dismiss Plaintiff's Complaint for the above reasons, however, the Court will allow Plaintiff an opportunity to amend her Complaint to address its deficiencies with regard to her failure to promote claims. Plaintiff may file an amended Complaint within fourteen days.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED in part and DENIED in part. Plaintiff's First Cause of Action is hereby dismissed, and Plaintiff is directed to file an Amended Complaint as to her Second and Third Causes of Action within fourteen days of the date of entry of this Order. Defendant will have leave to refile its Motion to Dismiss with regard to the latter if appropriate.

Signed: October 20, 2016

Graham C. Mullen
United States District Judge