IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV309-GCM

| | | |
|---|---|---|
| DANNIE MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE ANSON COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Defendant's Motion for Summary Judgment, filed January 30, 2018. The motion has been fully briefed and is ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff Dannie Montgomery, an African-American woman in her 50s, was hired by the Defendant Board as a classroom teacher for the 1999-2000 school year. She continued working for Anson County schools—earning career status in 2009—until her employment was terminated in June 2017. Beginning in or around 2005, Ms. Montgomery repeatedly sought a promotion to principal or assistant principal at a number of Anson County schools. Plaintiff asserts in sweeping terms that she was passed over for promotion on more than a dozen occasions, usually in favor of younger and/or white candidates, despite her superior qualifications. In this lawsuit, though, Ms Montgomery has identified only three specific promotions that she claims she should have been awarded, all of which she sought in 2014:

1

- Anson High School Assistant Principal: In February 2014, Plaintiff applied for the position of Assistant Principal of Anson High School. The position was awarded to Dionnya Pratt, an African-American female in her 40s.
- Anson County Early College High School Principal: In June 2014, Plaintiff applied for the position of Principal of Anson County Early College High School. The position was awarded to Carri Decker, a white female in her late 20s or early 30s.
- Anson Middle School Assistant Principal: In July 2014, Plaintiff applied for the position of Assistant Principal of Anson Middle School. The position was awarded to Kevin Adams, a white male in his 30s.

Ms. Montgomery contends that she was the better- qualified candidate in every instance and should have been awarded those promotions. Plaintiff ultimately admitted, however, that she was not qualified for the Anson High School position because she lacked a required qualification: principal licensure, which she did not obtain until May of 2014. She contends that she did not get the remaining two promotions because of her race and/or her age. In June of 2017, Plaintiff's employment was terminated due to admitted misconduct.

On June 8, 2016, Ms. Montgomery filed a three-count Complaint against the Board alleging deprivation of her First Amendment rights and discrimination on the basis of age and race in violation of Title VII. In an Order filed October 20, 2016, this Court granted the Board's Motion to Dismiss the First Amendment claim but allowed Plaintiff to amend her discrimination claims to address pleading deficiencies identified by the Board. On November 3, 2016, Plaintiff filed her Amended Complaint—the operative pleading in this case (Doc. No. 14)—which identified with particularity the three positions described above, for which she claimed to be qualified, for which she had applied, and for which another candidate was ultimately selected.

**DISCUSSION**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see also*, *e.g.*, *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24.

To survive summary judgment on her discriminatory failure-to-promote claims, Plaintiff must either come forward with direct evidence of discrimination or, absent such evidence, make out a claim pursuant to the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973):

> Under that [McDonnell Douglas] three-step framework, the plaintiff-employee must first prove a prima facie case of discrimination by a preponderance of the evidence. If she succeeds, the defendant-employer has an opportunity to present a legitimate, non-discriminatory reason for its employment action. If the employer does so, the presumption of unlawful discrimination created by the prima facie case "drops out of the picture" and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination.

*Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (citing cases). Under either framework, "[t]he plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against her." *Evans*, 80 F.3d at 959 (citing cases); *see also*

*Jenkins v. City of Charlotte*, No. 3:03CV44, 2005 WL 1861728, at *7-8 (W.D.N.C. July 26, 2005) (same).

Ms. Montgomery has adduced no direct evidence of discrimination in the Board's promotion decision. Because Plaintiff has admitted that she was unqualified for the Anson County High School position, the only remaining promotions at issue are the Anson County Early College High School Principal position and the Anson Middle School Assistant Principal position. For each position, the Board has offered a legitimate, non-discriminatory reason for its selection: Ms. Decker and Mr. Adams were, in the assessment of the Superintendent, the better-qualified candidates. "Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision." *Evans*, 80 F.3d at 960 (citing cases). The record establishes that the recommendation of Mr. Adams for the Anson Middle School Assistant Principal position was based on his qualifications, which the Superintendent viewed as superior. Specifically, Superintendent Freeman considered that Mr. Adams had worked in multiple school settings, held four licensures, had earned more than 45 hours towards his Doctorate of Education, had served as both a mentor teacher and a department chair, was experienced in online instruction, had demonstrated an excellent work ethic, and had been honored as Anson County Teacher of the Year for 2011-12, among other things. Mrs. Montgomery, by contrast, was licensed in only two areas and had more limited teaching experience. Similarly, Ms. Decker had broader teaching, school counselor, and administrative experience and more numerous and beneficial areas of licensure as compared to Ms. Montgomery.

Plaintiff can carry her burden to show pretext only by pointing to affirmative, admissible evidence to establish that the employer's proffered reason for the adverse employment action

4

was false and that "the real reason was discrimination." *Curry v. E-Systems*, 72 F.3d 126 (4th Cir. 1995). To defeat a motion for summary judgment, Plaintiff must present sufficient evidence from which "a reasonable jury could return a verdict" in her favor. *Anderson*, 477 U.S. at 248. Mere speculation or conjecture will not suffice, because that is not "evidence":

> ERISA, Title VII, and Section 1981 secure important rights intended to provide for a level playing field in the workplace. In order to invoke such rights, a plaintiff must be able to come forward with some evidence that the reason given for his termination was not only false, but was a pretext for discrimination. Because such important rights are at stake, a subjective belief is not enough to go forward because it would require a jury to make a decision based upon what a party believes to be a fact rather than upon what a party knows to be a fact.

*Brewer v. Dana Corp. Spicer Heavy Axle Div.*, 205 F. Supp. 2d 511, 521 (W.D.N.C. 2002).

Nor is a plaintiff's positive self-assessment sufficient evidence to defeat summary judgment. Ms. Montgomery offers only her own insistence that she must have been the superior candidate, but her confidence in her own abilities and qualifications is decidedly not evidence of pretext. *See*, *e.g.*, *Coates v. Virginia Power Co,* 2000 WL 524802, at *3 (4th Cir. 2000) ("Although [employee] contends he was better qualified that anyone selected for the Woodbridge positions, his self-assessment is irrelevant as a matter of law"); *Duffy v. Belk, Inc.*, 477 Fed. Appx. 91, 98 (4th Cir. 2012) (age-discrimination plaintiff's insistence that he was "qualified for the position" irrelevant). Ms. Montgomery has offered nothing else—no affidavit, no deposition testimony, nothing other than her own speculation and say-so. The only sworn Affidavit in the record is that of Superintendent Freeman, who has attested that he considered Plaintiff for both of the challenged promotions, ultimately decided to recommend other candidates for both positions based on his assessment of the candidates' relative qualifications and experience, and in no way based his decision on Ms. Montgomery's age or race.

Where the only "evidence" Ms. Montgomery has proffered is her own subjective and speculative belief that she was discriminated against, summary judgment in favor of the Defendant is appropriate. *See Brewer,* 205 F. Supp. 2d at 520.

IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment is hereby granted.

Signed: March 19, 2018

Graham C. Mullen
United States District Judge